**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VIRGINIA C. KASPAR,

        Plaintiff - Appellee,

v.

CITY OF HOBBS, TONY KNOTT,
STAN DURHAM, JACK LAMB and
MATT RHOADS, individually and in
their official capacities,

        Defendants - Appellants.

No. 00-2120
(D.C. No. CIV-99-262-JC/KBM)
(D. New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR** and **KELLY**, Circuit Judges, and **WINDER,**[**] District Judge.

Plaintiff Virginia C. Kaspar[1] brought this 42 U.S.C. § 1983 action against

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable David K. Winder, United States District Judge, District of Utah, sitting by designation.

[1] Plaintiff-Appellee Virginia C. Kaspar died on October 17, 2000, while this case was pending. On October 1, 2001, her attorneys filed an unopposed

(continued...)

defendants City of Hobbs, Police Chief Tony Knott, and Police Officers Stan Durham and Jack Lamb,[2] alleging that her Fourth Amendment rights were violated by an illegal search of her home. She moved for partial summary judgment against Officer Durham, claiming it was unreasonable for him to have concluded that he could conduct a warrantless search of her bedroom based solely upon the consent of her caretaker. The district court granted the motion, denying Durham's claim of qualified immunity. *See Kaspar v. City of Hobbs*, 90 F. Supp. 2d 1313 (D.N.M. 2000). Because we lack jurisdiction, we dismiss the appeal.

As the Supreme Court has recently reiterated,

> Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v Forsyth*, 472 U.S. 511, 526 (1985). The privilege is "*an immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Ibid*. As a result, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*).

*Saucier v. Katz*, 121 S. Ct. 2151, 2156 (2001) (emphasis in original). For these reasons, the Court has held that "a district court's denial of a claim of qualified

---

[1](...continued)
motion to substitute Jerry Chapman, the personal representative of her estate, as Plaintiff-Appellee. This motion will be granted pursuant to Fed. R. App. P. 43(a)(1).

[2] Defendant Matt Rhoads was a sergeant with the City of Hobbs Police Department and the supervisor of defendants Durham and Lamb. The district court entered summary judgment in favor of defendant Rhoads, and the claims against him are not at issue in this appeal.

immunity, *to the extent that it turns on an issue of law*, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell*, 472 U.S. at 530 (emphasis added).

The Court has made it clear, however, that where issues of fact preclude a determination that a defendant is entitled to immunity from suit, an order denying qualified immunity is not final and appealable. *See Behrens v. Pelletier*, 516 U.S. 299, 312-13 (1996); *Johnson v. Jones*, 515 U.S. 304, 312-14 (1995); *see also Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997); *Sevier v. City of Lawrence*, 60 F.3d 695, 700 (10th Cir. 1995).

The procedural posture of the present case is unusual. Plaintiff moved for partial summary judgment claiming that defendants Durham and Lamb searched her home without probable cause or consent, and that the purported consent of plaintiff's friend and part-time caretaker, Pete Losoya, was without actual or apparent authority. In their Response to Plaintiff's Motion for Partial Summary Judgment, defendants asserted:

> *A factual dispute exists regarding the search of Plaintiff's home on March 13, 1997.* Officer Durham has testified that permission was requested and consent was given for entry into the home by Pete Losoya. Mr. Losoya claims that permission was not requested for entry into the home, but that he simply told the officers that the lady he stayed with and too care of was in the home and officers entered. *For this reason, the Defendants have not requested summary judgment on the validity of the search.*

Aplt. App. vol. I at 205 (emphasis added). Defendants argued that, viewing the

facts in the light most favorable to them as the district court was required to do on plaintiff's motion for summary judgment, Mr. Losoya had actual and apparent authority to grant them permission to search the house. They asserted, "These Defendants have pled and will assert at trial that the individual defendants are entitled to qualified immunity," *id.* at 213, and asked the court to deny plaintiff's motion, *id.* at 218.

The district court granted plaintiff's motion for partial summary judgment, holding that viewing the facts in the light most favorable to defendants, Mr. Losoya had neither actual or apparent authority to consent to the search of the bedroom. *See Kaspar*, 90 F. Supp. 2d at 1323 (D.N.M. 2000). On appeal, defendants ask us to overturn that determination. In the unusual posture of this case, however, even if we agreed with defendants they would not be entitled to qualified immunity from suit. This is so because if Mr. Losoya had authority to consent, there remain hotly disputed issues regarding whether Mr. Losoya did in fact consent. By defendant's own admission, whether Mr. Losoya gave them permission to search the house is an issue that must be tried.[3] Aplt. App. vol. I at 205.

---

[3] Ms. Kaspar also moved for summary judgment with respect to defendants' search of the common area of the house, which the district court denied. Thus, regardless of what we do here, issues regarding Mr. Losoya's actual or apparent authority to consent to defendants' entry of Ms. Kaspar's house, and whether Mr. Losoya in fact consented, remain to be tried.

Consequently, even if we were to reverse the district court, and we take no position on that matter, defendants would not be entitled to immunity from suit. Because there are disputed issues of fact precluding judgment in defendants' favor, we have no jurisdiction over this appeal. Accordingly, we **DISMISS** for lack of jurisdiction defendants' appeal of the district court's partial summary judgment denying them qualified immunity.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge